UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALLAHAN L. REID,

    Plaintiff,

v.

UNIFIN, INC.,

    Defendant.

                                         /

Case No. 8:22-cv-02692

## COMPLAINT

Plaintiff CALLAHAN L. REID ("Plaintiff"), by and through the undersigned, complains as to the conduct of UNIFIN, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and at all times relevant, resided in Bell, Florida, within the Middle District of Florida.

5. Defendant is a third-party debt collector and "full service BPO and Accounts Receivable Management firm"[1] engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due to another using the mail and telephone from consumers across the country, including from those in the state of Florida. Defendant is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 5996 W. Tuohy Avenue, Suite 2000, Niles, Illinois 60714.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

---

[1] https://www.unifinrs.com/

7. The instant action arises out of Defendant's attempts to collect upon a purported consumer debt ("subject consumer debt"), purportedly owed from Plaintiff.

8. Prior to the actions giving rise to the claims herein, Plaintiff obtained a Viasat Telecom account, used for personal, family, and household purposes.

9. Upon information and belief, after the subject consumer debt was purportedly in default, it was charged-off and sold to LVNV Funding, LLC, who subsequently placed it with Defendant for collection purposes.

10. On or about November 3, 2022, Defendant sent an email to Plaintiff's sister, Jillian Reid ("Jillian"), at "JILLIAN.REIDXX@gmail.com," seeking collection of the subject consumer debt, which included intimate details regarding the subject consumer debt, including account numbers, original creditor information, collector information, and the amount of the subject consumer debt.

11. At all times relevant to the instant action, Jillian was the sole subscriber, owner, and operator of the above-referenced email address. Jillian is, and always has been, responsible for the email and its services.

12. Defendant used the email address "support@mailout.unifininc.com" when emailing Jillian.

13. Upon information and belief, Defendant regularly utilizes the above-referenced email address during its debt collection activity.

14. Plaintiff never directly gave Defendant consent to contact Jillian.

15. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection tactics, emotional distress, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others, using the mail and telephone.

22. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA §§ 1692b and 1692c

23. The FDCPA, pursuant to 15 U.S.C. § 1692b(2), debt collectors are prohibited, when speaking with third parties regarding a consumer from whom such collector is attempting to collect a debt, from stating "that such consumer owes any debt."

24. Further, pursuant to 15 U.S.C. § 1692c(b), the FDCPA prohibits, without prior consent given directly from the consumer, a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer.

25. Defendant violated §§ 1692b(2) and 1692c(b) through its collection efforts and communications directed towards Jillian. Defendant lacked any explicit consent to communicate with Jillian regarding the subject consumer debt. As such, Defendant harassingly communicated information regarding Plaintiff's indebtedness to a third party in a manner proscribed by the FDCPA.

### b. Violations of FDCPA § 1692d

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated § 1692d through its harassing and noncompliant collection campaign directed towards Plaintiff by impermissibly communicating with Jillian in an effort to collect upon the subject consumer debt. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

### c. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Defendant violated §§ 1692e and 1692e(10) when it deceptively communicated with Jillian in an attempt to collect upon the subject consumer debt. Defendant falsely and deceptively represented its ability to email Jillian since, under the binding regulations, Defendant was precluded from engaging in such conduct.

Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

### d. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by emailing Jillian, as discussed above.

WHEREFORE, Plaintiff, CALLAHAN L. REID, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff and Jillian, seeking payment of the subject consumer debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 23, 2022

Respectfully Submitted,

/s/ *Franklin A. Jara*
Franklin A. Jara, Esq.
Florida Bar No. 636681
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-8010
fjara@sulaimanlaw.com